The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688

MR. GHOUS KHAN

EXHIBIT

2

Lincoln Financial Group®

The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-5709

March 24, 2022

Mr. Ghous W. Khan

RE: Long Term Disability (LTD) Benefits
PRA Health Sciences
Claim #: 10420268

Dear Mr. Ghous Khan:

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintained the decision to deny benefits beyond September 10, 2021.

**Initial Claim Decision**

You submitted a claim for your absence from work as of May 27, 2020, as a result of undergoing a total knee arthroplasty. LTD benefits were approved from September 24, 2020 through September 10, 2021. Benefits beyond September 10, 2021 were denied as the evaluation concluded you were no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated September 11, 2021. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt that your claim should not have been denied, and submit additional information to support your claim. Specifically, you were advised to submit the following information: *Hospital records, discharge summaries, exam findings, operative reports, office visit notes, diagnostic test results, chiropractic notes, physical therapy notes, orthopedic notes, referrals, consultations, restrictions, limitations, treatment plans, and any other medical information, from all treating providers. You should also provide any additional information that you feel will support your claim.*

**Appeal**

In your letter of appeal dated December 31, 2021, you indicated that you are still having knee pain and swelling, and cannot resume work. Carrying some weight, walking, standing, or even sitting for long periods aggravates your knee pain. You had been applying for an office-based or remote job, but because of lack of skills and experience, you felt that you could not succeed. The nickel allergy handicapped you.

In support of your claim, you submitted the following information:
June 21, 2021, December 13, 2021 Dr. Dickson office visit notes.

Metal-LTT Analysis Report.
Physical Therapy progress/recertification/plan of care notes September 18, 2020, October 16, 2020, and December 27, 2021.
December 15, 2021 office visit note with Dr. Gopalani.

**Appeal Evaluation**

Your claim was reviewed by a vocational consultant, who completed an occupational analysis in order to identify the material and substantial duties of your own occupation as it is normally performed in the national economy. The analysis showed that your occupation is that of a Clinical Research Associate. The occupation in the national economy is performed at the sedentary physical demand level, including constant sitting; frequent handling, travel; occasional standing, walking, reaching, fingering; never stooping, kneeling, crouching, crawling, climbing, or balancing; and occasional bending/twisting. While sedentary occupations such as yours can involve constant sitting, in the current employment environment, and as a result of technological advancement, employers are providing a variety of workstation types and associated equipment that allow individuals opportunity to experience and sustain comfort in their respective work settings within the occupations. Such equipment can allow an individual to alternate positions at will from sitting to standing, while continuing to work. The vocational consultant noted that your employer's physical demand requirements of your job are greater than that of the national requirements of the occupation.

We have reviewed your file to determine whether your medical condition and the medical documentation contained in your file supports that you are unable to perform the material and substantial duties of your own occupation as it's performed in the national economy beyond September 10, 2021. We are not required to ensure the availability of this occupation or that you return to active employment with PRA Health Sciences in the same or different position.

On September 1, 2021, your internist, Dr. Gopalani, signed in agreement with the following assessment of restrictions and limitations:

- *Occasional walking and standing with ability to sit as needed and change position as needed*
- *Occasional lifting, carrying, pulling, pushing up to 10 pounds*
- *Less than occasional kneeling, stooping, squatting*
- *No crawling or climbing*

*The medical evidence is insufficient to support any restrictions with regards to upper extremity use such as reaching, typing, or fingering. The clinical information in the records does not preclude performing usual activities which are within the above restrictions and limitations, including activities related to employment. These R&L's are supported for the foreseeable future and should be reassessed if the claimant elects for a revision arthroplasty to remove the nickel component of his hardware.* These restrictions and limitations would not preclude you from performing the material and substantial duties of your own occupation as it's performed in the national economy.

On September 3, 2021, your orthopedist, Dr. Dickson was also asked to review the same assessment of restrictions and limitations as above; however, he did not provide a response.

During the appeal, your claim was reviewed by Christopher Balint DO, an independent physician who is board certified in orthopedic surgery. Based on his review of the medical records, Dr. Balint concluded:

*Taking into consideration the entire clinical picture, including evidence based medicine and any medication or other treatment side effects, a functional impairment that translates into restrictions and limitations is supported from - beyond 9/10/21 to - beyond 9/10/21 (same date).*

*The claimant is a 62 year old male who underwent right total knee arthroplasty on 05/27/2020. Has had multiple infections following. He had right knee irrigation and debridement and revision of polyethylene exchange on 06/09/2020 and had an aspiration on 07/01/2020. He continued to have redness and swelling in the right knee. He was referred to rheumatology for work up, and everything came back normal, no autoimmune conditions were noted. He then had allergy testing completed and it is noted that he has a nickel allergy. X-rays show hardware is in good position, no failure of hardware. Knee is stable. At last appointment, suggested aspiration with Synovasure and will proceed with revision surgery with prosthesis that does not have nickel.*

*Based on the above clinical information, the following restrictions and limitations are medically necessary and supported by the objective medical evidence:*
**may lift, push, pull, carry 10# frequently, up to 20# occasionally,*
**no restrictions on reaching at waist level, above shoulder level or below waist level,*
**no restrictions on sitting,*
**may stand for 20 minutes per hour, up to two hours per shift,*
**may walk for 20 minutes per hour, up to two hours per shift,*
**no climbing of ladders,*
**occasional climbing of stairs,*
**no kneeling, squatting, crawling, stooping or crouching,*
**no restrictions on gripping, grasping, fingering, keying or fine manipulation.*
*May work in a full time sustained capacity while working within the above noted restrictions and imitations.*
*Restrictions will remain until revision surgery is completed.*
*Based on review of the provided medical records, the following restrictions would be in place from 09/10/2021 until revision surgery completed. He will also need to have R/Ls for 6 months following revision surgery.*

Dr. Balint was not successful in reaching Dr. Dickson (orthopedics) for a conversation about your case. On January 13, 2022, Dr. Dickson's office advised that your last visit was on December 13, 2021 and you did not have a follow-up in place. On January 17, 2022, a letter was sent to Dr. Dickson with a summary of Dr. Balint's assessment of your restrictions and limitations, and questions for review and response. To date, we have not received a response from Dr. Dickson.

On February 25, 2022, we sent you a copy of Dr. Balint's medical review and the letter that was sent to Dr. Dickson. You were given the opportunity to review and respond to this new information by March 16, 2022.

On February 24, 2022, you responded that you agreed with the restrictions and limitations but wanted to provide your personal experience and feelings about the activities listed. After lifting 10 pounds frequently and 20 pounds occasionally, you have increased pain, joint swelling, tingling in your muscles above the kneecap, and tenderness with puffiness on both sides of the kneecap. The symptoms start after 3-4 hours of the activity and last for about a day. You repeatedly mentioned this to your orthopedic surgeon, PCP, and PT provider. While sitting, if your knee touches anything hard, there is intense pain at the point of contact that lasts for 3-4 minutes. Standing for 20 minutes

per hour, up to two hours per shift, results in dull pain and slight swelling in the knee joint after some time and last for about 6-8 hours. Walking 20 minutes per hour, up to two hours per shift, results in dull pain and slight swelling in the knee joint after some time and lasts for about 6-8 hours. In light of the suggestions provided by your healthcare providers and Lincoln, and because of the limitations, you were reluctant to take any responsibility which you may not fulfill. Even with the limitations, you plan to resume work as soon as you are able. You are spending your time enhancing your knowledge to match the requirements for any suitable job that you could perform with fewer restrictions and less stress. You indicated that you would provide additional information as soon as possible.

On February 25, 2022, you submitted a Residual Functional Capacity Form completed by Wei Yin FNP (internal medicine) dated December 15, 2021. You disputed the restrictions regarding lift, push, pull, carry, reaching, sitting, standing, and walking, and pointed to Ms. Yin's assessment. On the form, Ms. Yin indicated that you were seen January 19, 2021, March 18, 2021, June 28, 2021, September 1, 2021, and December 15, 2021 for complaints and or health maintenance preventative care. Symptoms were right knee pain. Regarding clinical findings and test results, she noted see attached, however, no records were attached. Diagnosis of your symptoms and test results noted presence of right artificial knee joint, pain in right knee, benign prostatic hypertrophy, gastrointestinal reflux disease. Treatment has been physical therapy and medication, and result has been improvement. Fair prognosis. Disability or impairment is expected to last one year or more or has already lasted one year. Disability or impairment prevents you from standing for 6-8 hours. Disability or impairment does not prevent you from sitting upright for 6-8 hours. If you cannot stand and/or sit upright for 6-8 hours, the reason is right knee pain. Disability or impairment requires you to lie down during the day, but no explanation was given. You can walk a half-mile without stopping. You can rarely reach toward the floor. You can frequently reach up above shoulders, reach down to waist level, carefully handle objects. You can consistently handle with fingers. You can lift and carry 11-20 pounds during an eight-hour period. You can lift and carry 11-20 pounds regularly/daily. Disability or impairment prevent you from performing certain motions such as lifting, pulling, holding objects. You have difficulty bending, squatting, kneeling, and turning any parts of the body; however, no range of motion information was given. Disability or impairment would not prevent you from travelling alone. Abnormal gate and ambulating with care affect your ability to work or function normally in daily life. The nature of your pain is right knee total replacement and multiple knee injections. Your pain is chronic. The level of pain is moderate. You are credible. There is an objective medical reason for pain. Given her experience with you, diagnosis, disability or impairment, and because of your right knee limited range of motion and pain, she does not believe that you could continue or resume work at your current or previous employment. Your disability is not likely to change. She did not comment whether you could do other work or when you may be able to return to work.

On March 11, 2022, in response to our inquiry, you indicated that Ms. Yin conducted the evaluation on December 15, 2021. She is Dr. Gopalani's nurse practitioner and substituting for Dr. Gopalani while he is on a long-term leave. There were no other evaluations or physical examinations performed by Ms. Yin, other than the one dated December 15, 2021. You are doing your best to keep up with knowledge and take an office-related job where there is no travelling. You hope to find one before your total knee revision surgery. You requested that we consider your limited capacity to work, efforts for rehabilitation, and financial condition. On March 21, 2022, expressed appreciation and faith in a fair decision. Because of your limitations, resuming work in your own occupation is difficult until the knee implant metal allergy is resolved, which is very unlikely until you have a

revision of the total knee replacement.

Dr. Balint reviewed the additional information and responses and concluded that the additional information did not alter his prior conclusions:
*The additional information reinforces the restrictions placed in the original report.*
*There is no change to my previous answers given in my original report.*
*Per the previous report:*
*Based on the above clinical information, the following restrictions and limitations are medically necessary and supported by the objective medical evidence:*
**may lift, push, pull, carry 10# frequently, up to 20# occasionally,*
**no restrictions on reaching at waist level, above shoulder level or below waist level,*
**no restrictions on sitting,*
**may stand for 20 minutes per hour, up to two hours per shift,*
**may walk for 20 minutes per hour, up to two hours per shift,*
**no climbing of ladders,*
**occasional climbing of stairs,*
**no kneeling, squatting, crawling, stooping or crouching,*
**no restrictions on gripping, grasping, fingering, keying or fine manipulation.*
*May work in a full time sustained capacity while working within the above noted restrictions and imitations.*
*Restrictions will remain until revision surgery is completed.*
*Based on review of the provided medical records, the following restrictions would be in place from 09/10/2021 until revision surgery completed. He will also need to have R/Ls for 6 months following revision surgery.* (R/Ls: restrictions and limitations)

The restrictions and limitations as outlined by Dr. Balint, would not preclude you from performing the material and substantial duties of your own occupation as it's performed in the national economy.

We are aware that your claim for Social Security Disability Income benefits is being processed. It should be noted that any ruling by the Social Security Administration does not determine entitlement to benefits under the terms and conditions of the PRA Health Sciences Group Disability Income Policy.

**<u>Conclusion</u>**

We conducted a thorough and independent review of your entire claim. We are sorry that the decision could not be in your favor. We acknowledge that you may have continued to experience some symptoms and impairments associated with your condition beyond September 10, 2021 and that you will likely proceed with knee revision surgery with prosthesis that does not have nickel. However, the information does not contain exam findings, diagnostic test results, or other forms of medical documentation supporting your impairments and symptoms were of such severity, that they resulted in restrictions or limitations rendering you unable to perform the material and substantial duties of your own occupation as it's performed in the national economy after that date.

Having carefully considered all of the information submitted in support of your claim, our position remains that you no longer met the definition of disability and that proof of your continued disability in accordance with the Policy provisions after September 10, 2021 has not been provided.

Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

*Applicable to Class 1, 2:*
*b. i. if the Covered Person is eligible for the 24 Month Own Occupation benefit, "**Disability**" or "**Disabled**" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation;*

*"**Material and Substantial Duties**", with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

*"**Own Occupation**", with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.*

*"**Proof**" means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*
*1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
*2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
*3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*

***Disability Benefit***
*When Liberty receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires the Regular Attendance of a Physician, Liberty will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Liberty Proof of continued:*
*1. Disability;*
*2. Regular Attendance of a Physician; and*
*3. Appropriate Available Treatment.*
*The Proof must be given upon Liberty's request and at the Covered Person's expense. In determining whether the Covered Person is Disabled, Liberty will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.*
*For purposes of determining Disability, the Injury must occur and Disability must begin while the*

*Employee is insured for this coverage.*

***Discontinuation of the Long Term Disability Benefit***
*The Monthly Benefit will cease on the earliest of:*
*1. the date the Covered Person fails to provide Proof of continued Disability or Partial Disability and Regular Attendance of a Physician;*
*. . .*
*9. the date the Covered Person is no longer Disabled according to this policy;*
*. . .*

***Legal Proceedings***
*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

***Notice and Proof of Claim***
*. . .*
*2.* ***Proof***
*a. Satisfactory Proof of loss must be given to Liberty no later than 180 days after the end of the Elimination Period.*
*b. Failure to furnish such Proof within such time shall not invalidate or reduce any claim if it was not reasonably possible to furnish such Proof within such time. Such Proof must be furnished as soon as reasonably possible, and in no event, except in the absence of legal capacity of the claimant, later than one year from the time Proof is otherwise required.*
*c. Proof of continued loss, continued Disability or Partial Disability, when applicable, and Regular*
*Attendance of a Physician must be given to Liberty within 30 days of the request for such Proof.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information you wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law. Your employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is April 23, 2025.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in the PRA Holdings, Inc. Group Disability Income Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́į́ł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Stephanie Berry
Appeals Consultant
Phone No.: (888) 437-7611 Ext. 16391
Secure Fax No.: (603) 334-5709

CC: Ghous Khan